MORALES, PLAINTIFF AND APPELLEE, *v.* CARABALLO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for Damages.

No. 1915.—Decided June 28, 1919.

DAMAGES—PUBLIC-SERVICE TRUCK.—The owner of a public-service truck is the owner of an enterprise within the meaning of section 1804 of the Civil Code and by the terms of that section is made liable for the damages caused by his employees when acting within the scope of their employment.

ID.—ID.—NEGLIGENCE—EVIDENCE.—The fact that prior to the accident the truck did not respond readily to the steering wheel was pertinent to the issue of negligence as a matter necessarily within the knowledge of the defendant's chauffeur and imposing upon him the obligation to exercise a great degree of care.

ID.—ID.—MEASURE OF DAMAGES.—Although the expenses incurred by the plaintiff in hiring other trucks on account of the damage suffered by his own from the accident and the garage charges for the storage of his truck do not constitute a proper measure of damages, nevertheless, as no objection was made

in the lower court to the averments of the complaint in this regard, or to the evidence offered in support thereof, or to the findings of the court thereon, and, on the other hand, it having been shown that the truck was worth $1,200 at the time of the collision and that two or three hundred dollars would have been a fair price for the remains, it would not be proper to reduce on appeal the amount of $800 allowed in the judgment for damages.

DISCRETION OF COURT—COSTS.—The question of costs, disbursements and attorney fees is a matter within the discretion of the trial court and its ruling thereon will not be disturbed by the appellate court unless abuse is shown.

The facts are stated in the opinion.

*Messrs. Lorenzo Jiménez García* and *Henry G. Molina* for the appellant.

*Messrs. Joaquín Vendrell* and *Francisco González* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Ventura Caraballo appeals from a judgment in the sum of $800 for damages caused by the negligence of his chauffeur.

The district court is said to have erred:

First, in deeming the facts stated in the complaint sufficient to constitute a cause of action.

Second, in overruling a motion for nonsuit.

Third, in refusing to strike the testimony of a witness in regard to the condition of the steering gear of the truck owned by defendant.

Fourth, in finding that the collision was caused by the careless and negligent manner in which the truck was managed.

Fifth, in finding that the truck had seen much service, and that the steering gear was in bad condition.

Sixth, in finding that the damages suffered by plaintiff as a result of the collision amounted to $800.

Seventh, in not finding that the collision was caused by the swerving of the truck as the result of being struck by a Ford car, and

Eighth, in adjudging that defendant should pay costs, disbursements, and attorney fees.

Section 1 of the law regulating the operation of motor

vehicles defines a "chauffeur" as any person who is paid for operating a motor vehicle, and provides that the term "automobile" shall include all motor vehicles, except motorcycles and traction engines. Section 17 of the same law makes the owner of any motor vehicle responsible for damages caused by negligence of the operator or chauffeur while such owner is in the vehicle.

The theory of the first assignment is that plaintiff should have alleged that defendant was in the vehicle at the time of the collision. But section 17 of the law is plainly complementary to the preceding paragraphs and especially to section 15, which reads as follows:

"'Whenever an accident is occasioned through the operation of any public-service automobile, any person having any claim arising out of such accident may file a statement of the facts of the accident under oath with the Commissioner of the Interior. The Commissioner of the Interior shall examine this sworn statement, and if in his judgment the situation justifies it, shall record the statement, entering upon a book kept for that purpose against the record of the automobile, a brief statement of the claim. This record shall operate as a lien on the automobile for thirty days, and within that time may be made permanent by commencing an action in a court of competent jurisdiction against the person or persons responsible for the accident and securing a writ of attachment against the automobile and filing a certified copy thereof with the Commissioner of the Interior, who shall record it as aforesaid, and the record thus made shall be good until canceled by the Commissioner of the Interior in pursuance of an order of the court. Such records shall render the person on whose behalf the motor vehicle was operated responsible to the person injured to the extent of the damage caused, and shall be open to the inspection of the public. If the person bringing the action secures a favorable judgment a writ of execution may issue in his favor against the automobile, which shall be valid against the person on whose behalf the automobile is operated and against all parties whose interest therein is subsequent to the date of the filing of the first notice of the accident with the Commissioner of the Interior: *Provided,* That any person affected by said notice of attachment may release the automobile from said notice, in case no attachment is made, by filing a bond in an amount to be fixed by

the Commissioner of the Interior, and in case an attachment has been issued by an order of the court, to the amount of the claim made in the suit. None of the provisions of this section shall apply to persons on whose behalf a public-service motor vehicle is operated under a franchise granted by the Executive Council in accordance with the provisions of law regulating the granting of franchises, when the condition of such franchise is that a bond shall be given in an amount not less than the value of each automobile operated under such franchise."

And the complaint alleges, among other things:

"That the freight automobile No. P-374 is engaged in the public service, is the property of the defendant, Ventura Caraballo, and the chauffeur or conductor of the said automobile, Santiago Marrero, is now and was at the time the automobile of plaintiff was damaged an employee of the said defendant, Ventura Caraballo."

It is also alleged that plaintiff has complied with the requirements prescribed by the law of April 13, 1916.

We would not be understood as holding that section 15 of the law regulating the operation of motor vehicles creates any new liability. It is merely a legislative recognition of the distinction drawn by this court in *Vélez* v. *Llavina,* 18 P. R. R. 634, between a private car and a public-service machine. The owner of a public-service truck is the owner of an enterprise within the meaning of section 1804 of the Civil Code and by the terms of that section is made liable for the damages caused by his employees when acting within the scope of their employment.

A careful reading of all the testimony in the light of the second, fourth and seventh assignments discloses no such manifest error as to require a reversal.

The third and fifth assignments may be considered together. Adrián Carmona testified, without objection, that prior to the time of the accident he had made several trips to San Juan on the defendants truck and that the steering gear was so defective that in order to take a curve at least two turns of the wheel were necessary. The motion to strike

this testimony was based solely on the ground that the same did not show the condition of the steering gear at the time of the accident, and no other reason was given for the exception taken to the ruling of the court. The law presumes "that a thing once proved to exist continues as long as is usual with things of that nature." Law of Evidence, Sec. 102, par. 31. The fact that the truck did not respond readily to the steering wheel was pertinent to the issue of negligence as a matter necessarily within the knowledge of defendant's chauffeur and imposing upon him a greater degree of care than might be required of a driver who by a slight movement could accomplish the same result that in handling defendant's car would require a complete turn of the wheel. The variance, if any, was not material.

The trial court found that "the damage done to plaintiff's automobile left it in a useless condition, unless expensive repairs should be made thereon; that plaintiff is a merchant residing in Aguas Buenas who had to make and had made from October, 1917, up to the date of the trial weekly trips to San Juan, and on this account had been obliged to spend in automobile hire not less than $200, and had also paid $10 a month for storage of his auto in a garage in Caguas."

We are inclined to agree with appellant that the items of automobile hire and storage charges do not constitute a proper measure of damages, but no objection whatever was made below either to the express averments of the complaint in this regard, which were simply denied on information and belief, or to the evidence introduced in support thereof, or to the findings of the court thereon. On the other hand, there was some evidence to show that the automobile was, as alleged in the complaint, worth $1,200 at the time of the collision and that two or three hundred dollars would have been a fair price for the remains. In the circumstances, we are not disposed to reduce the amount of the judgment.

The question of costs, disbursements and attorney fees

was a matter within the discretion of the trial judge and no abuse is shown.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.